UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:24-cv-512-SPC-NPM

MING ZHOU,

      Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

      Defendant.
_____/

## MOTION TO STAY LITIGATION PENDING APPRAISAL

Defendant, Westchester Surplus Lines Insurance Company ("Westchester") moves for an Order staying this lawsuit pending appraisal, and states:

1. This lawsuit arises from a property insurance claim filed by Ming Zhou ("Zhou") under an insurance policy issued by Westchester. A copy of the Policy is attached as Exhibit A.

2. The Policy contains an appraisal provides that provides, in part:

**2. Appraisal**

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. **A** decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser, and

    **b.** Bear the other expenses of the appraisal and umpire equal

    If there is an appraisal, we will still retain our right to deny the claim

    *See Exhibit A.*

    3.    The Parties have agreed to submit this dispute to appraisal.

    4.    Pursuant to the Agreement, Zhou appointed Dennis James as its appraiser and Westchester appointed Greg Ross as its appraiser.

    5.    Additionally, on June 13, 2024, the appraisers entered an appraisal award.

    6.    When an insurance policy contains an appraisal provision, "the right to appraisal is not permissive but is instead mandatory, so once a demand for appraisal is made, 'neither party has the right to deny that demand.'" *M McGowan v. First Acceptance Ins. Co., Inc.*, 411 F. Supp. 3d 1293, 1296 (M.D. Fla. 2019) (quoting *United Cmty. Ins. Co. v. Lewis*, 642 So. 2d 59, 60 (Fla. 3d DCA 1994)). And like other stipulations about dispute resolution, the court enforces contractual appraisal provisions by non-dispositive order. *See Positano Place at Naples II Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-cv-181-SPC-MRM, 2022 WL 714809, *2 (M.D. Fla. Mar. 10, 2022).

    7.    Defendant respectfully request this Court stay this lawsuit while the Parties proceed with appraisal. *Allstate Ins. Co. v. Suarez*, 833 So. 2d 762, 766 (Fla. 2002) ("Once a trial court has determined that the appraisal provisions of a contract of insurance have been properly invoked, further proceedings should be conducted in accord with those provisions ….").

8. Staying this lawsuit while the Parties proceed and/or finalize with appraisal will conserve both judicial and party resources.

9. Defendant respectfully request that the Court reserve its jurisdiction to rule on any issues that may arise during the course of appraisal.

WHEREFORE, Defendant respectfully request the Court enter an Order staying this lawsuit pending the completion of appraisal and granting any other relief the Court deems equitable, just and proper.

### Local Rule 3.01(g) Certification

The undersigned attempted to confer with Chad Florin, counsel for the Plaintiff, regarding this motion via email and phone call on June 21, 2024. However, the undersigned was unable to get in touch with Mr. Florin prior to filing this motion. Pursuant to Middle District of Florida 3.01(g)(3), the undersigned will diligently continue trying to contact Chad Floring for three days to confer on the motion.

Respectfully submitted,

**COZEN O'CONNOR**

By:   /s/ *Juan P. Garrido*
John David Dickenson, Esquire
Florida Bar No. 575801
jdickenson@cozen.com
1801 N. Military Trail, Suite 200
Boca Raton, FL  33431
Telephone:  (561) 515-5250

LEGAL\71272864\1

> Juan P. Garrido, Esquire
> Florida Bar No. 118678
> Email: jgarrido@cozen.com
> 200 South Biscayne Blvd., Ste. 3000
> Miami, FL  33131
> Telephone:  (305) 397-0832
> *Counsel for Defendant, Westchester Surplus Lines Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 21, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

> /s/  *Juan P. Garrido*
> Juan P. Garrido, Esquire

**SERVICE LIST**
**FLORIN ROEBIG, P.A.**
SHAUN M. CUMMINGS, ESQ.
Email:  scummings@florinroebig.com
CHASE P. FLORIN, B.C.S.
Email:  chase@florinroebig.com
HAL S. WEITZENFELD, ESQ.
Email:  hweitzenfeld@florinroebig.com
Primary Email:
FPService@florinroebig.com
777 Alderman Road
Palm Harbor, FL  34683
*Attorneys for Plaintiff*