# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**MING ZHOU**,

    Plaintiff,

v.                                                                                                  2:24-cv-512-SPC-NPM

**WESTCHESTER SURPLUS LINES INSURANCE COMPANY**,

    Defendant.

## ORDER

In this breach-of-insurance-contract case arising from property damage after Hurricane Ian, defendant Westchester Surplus Lines Insurance Company moved to compel appraisal. (Doc. 16). Plaintiff Ming Zhou failed to respond, so the motion is treated as unopposed.[1] *See* M.D. Fla. R. 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). So, Westchester's motion is **granted**. The clerk is directed to place a stay flag on the docket pending completion of the appraisal. And moving forward with the appraisal, the following procedures and deadlines will apply:

**Selecting Appraisers and Umpire:** By **August 1, 2024**, each party must select a competent and impartial appraiser. The appraisers may not have served as an adjuster for either party and their compensation may not be contingent on the

---

[1] Plus, Westchester's motion states: "The Parties have agreed to submit this dispute to appraisal." (Doc. 16 ¶ 4).

outcome of this matter, the outcome of the appraisal, or on any valuations they may make during the appraisal process. *See Parrish v. State Farm Fla. Ins. Co.*, No. SC21-172, 2023 WL 1830816, *6 (Fla. Feb. 9, 2023) ("[A]n appraiser cannot be 'disinterested' if he or she, or a firm in which he or she has an interest, is to be compensated for services as a public adjuster with a contingency fee."). In other words, they may only be paid on a flat-fee or hourly basis for their service as impartial appraisers. The appraisers must agree to an umpire by **August 15, 2024**, and the parties will contemporaneously file a joint notice identifying the members of the appraisal panel.[2] If the appraisers are unable to agree, then the parties will file a motion by **August 22, 2024**, requesting a court-appointed umpire, and the motion will be set for an in-person hearing during which the parties' appraisers will explain their objections to each other's proposed umpires.

**Discovery During Appraisal:** The court's experience in other insurance-coverage matters with appraisal issues has revealed that parties and appraisers sometimes find that the tools of formal discovery can facilitate the appraisal process. And as provided in the Federal Arbitration Act, a majority of the arbitration panel "may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document,

---

[2] The parties may communicate with, and provide information to, the three-member panel, but once it is assembled, they must forego any ex parte communications with the panel or any of its members.

or paper which may be deemed material as evidence in the case." *See* 9 U.S.C. § 7.[3] Likewise, a party may, with the concurrence of at least two members of the appraisal panel, conduct discovery concerning the amount-of-loss issues referred to the appraisal panel for resolution.

**Form of the Appraisal Award:** For each covered subpart of the property (to the extent there are multiple), the appraisal panel must delineate corresponding replacement-cost values, actual-cost values, ordinance-or-law figures, and any other policy-benefit figures as appropriate. *See* Fla. Stat. § 627.419(1) ("Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any application therefor or any rider or endorsement thereto."); *see also Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000) (reasoning that each clause in an insurance policy must be read in conjunction with the entire policy). RCV awards must further

---

[3] *See Milligan v. CCC Info. Servs. Inc.*, 920 F.3d 146, 152 (2d Cir. 2019) (appraisal constitutes an arbitration for purposes of the FAA); *Martinique Properties, LLC v. Certain Underwriters at Lloyd's London*, 567 F. Supp. 3d 1099, 1106 (D. Neb. 2021), *aff'd sub nom.*, 60 F.4th 1206 (8th Cir. 2023) (same); *Register v. Certain Underwriters At Lloyd's*, No. 5:20-cv-52-TKW-MJF, 2020 WL 6106624, *3 (N.D. Fla. Apr. 20, 2020) (same); *Liberty Mut. Grp., Inc. v. Wright*, No. CIV.A. DKC 12-0282, 2012 WL 718857, *6 (D. Md. Mar. 5, 2012) (requests to appoint an appraisal umpire are processed as motions under the FAA); *see also Fit Tech, Inc. v. Bally Total Fitness Holding Corp.*, 374 F.3d 1, 7 (1st Cir. 2004) (an agreed method to reach a binding resolution by a third-party neutral about a fact in dispute constitutes an arbitration for purposes of the FAA).

delineate separate figures for each component (e.g., roof, gutters, each window, each door, the drywall for an interior room, etc.).[4]

To the extent the award includes any figures for replacing undamaged items to match the replacement of damaged items,[5] any such award must be separately set forth in the RCV award and no portion of it should be included in the ACV award. *See Vazquez v. Citizens Prop. Ins. Corp.*, 304 So. 3d 1280, 1283-1285 (Fla. 3d DCA 2020) (the cost of matching is not relevant or recoverable when repairs have not been made such that recovery is for actual cash value only).

Overall, the award must be made with full consideration of the provisions, exclusions, and other terms of the insurance policy. After the appraisal panel determines what was caused by the covered peril, as opposed to excluded causes, and further determines the amounts and values of the losses attributed to the covered peril, the court will account for policy limits, deductibles, and prior payments before entering any judgment.

**Completion of Appraisal:** The appraisal process must be completed by **November 18, 2024**. Within **one week** after the appraisal concludes, the parties must

---

[4] Commonly done using software such as Xactimate.

[5] For example, replacing undamaged wood flooring when replacing damaged wood flooring because the original flooring material is no longer available or suitable. This is distinct from the replacement of an entire component, such as a roof, for any other reason (such as a regulatory standard that requires the replacement of an entire system when a certain portion of it must be repaired or replaced).

promptly file a joint notice informing the court of the outcome of the appraisal and attach a copy of the appraisal award.

                  **ORDERED** on July 19, 2024.

                  _____
                  NICHOLAS P. MIZELL
                  United States Magistrate Judge